## PROSECUTION OF A CORPORATION.

Court of Appeals for Hamilton County.

THE REINHART & NEWTON COMPANY v. STATE OF OHIO.*

Decided, April 5, 1915.

*Work and Labor—Prosecution of a Corporation—For Employing Females Over Eighteen Years of Age More Than Ten Hours a Day in a Candy Factory—Jurisdiction of Magistrate Obtained Through Submission of President to Arrest—Section 1008.*

1. The provision of Section 13496 for the arrest of an accused person is not applicable to a corporation, but where in a prosecution of a corporation the president is arrested and taken before a justice of the peace, failure to take advantage of the irregularity by objecting to the jurisdiction of the court amounts to submission to its jurisdiction and a general appearance and prevents further question as to jurisdiction over the defendant corporation on the ground of improper service.
2. The exception found in the statute prohibiting the employment of females over eighteen years of age more than ten hours in one day, made applicable to "canneries or establishments engaged in preparing for use perishable goods," does not apply to candy factories.

---

*Affirming *Reinhart & Newton Co.* v. *State*, 15 N.P.(N.S.), 92.

*Charles B. Wilby, D. J. Workum* and *Thomas E. Lannen*, for plaintiff in error.

*Charles F. Hornberger* and *John A. Deasy*, contra.

JONES (Oliver B.), J.

The proceedings below originated from a prosecution of plaintiff in error, a corporation, for the violation of Section 1008, General Code, in the employment of females over eighteen years of age more than ten hours in one day.

It is claimed that the conviction was erroneous for the reason that the justice of the peace had no jurisdiction of defendant because no provision has been made by statute, when an affidavit charging such an offense is filed, for the service of a warrant upon a corporation. Section 13496, General Code, provides for the issue of a warrant and the arrest of the accused. It fittingly applies to individuals who can be arrested, but it is inapplicable to a corporation. No other section is pointed out to provide procedure in bringing a corporation defendant before the justice's court where an affidavit or information is filed. It is suggested that by analogy some such procedure might be had as is provided upon the return of an indictment by Section 13607, General Code. In this case a warrant was issued as though for an individual and the president of the corporation was placed under arrest and the warrant returned with the following endorsement:

"I have the body of the within named J. D. Reinhart now in court.           EDWARD WISE, *Constable.*"

This was undoubtedly an irregularity which might have been taken advantage of, had the defendant not proceeded in such a manner as to fully submit itself to the jurisdiction of the court. This it did by filing a motion to quash the information or affidavit, in which it objected not only to the jurisdiction of the court over the person of defendant but also to the sufficiency of the affidavit on the merits of the case. This motion effected a general appearance by the defendant and prevents further question as to the jurisdiction of the magistrate's court over the defendant corporation on the ground of improper service. A demurrer to the information

and affidavit is also found among the papers as having been filed before the justice and an entry overruling same, but is not shown in the transcript. It, also, must be held to have effected a general appearance, if it can be now considered.

No question is raised as to the authority of the president or the attorney to represent the defendant corporation, although its counsel argues here that some action authorizing them to act on its behalf should have been shown to have been taken by its board of directors. In the absence of any direct attack on their authority, we may assume that they had as full authority to act before the magistrate as they have in these error proceedings before this court.

Plaintiff in error also urges as a reason for reversal, that the evidence brings it within the exception found in the statute (Section 1008, G. C.), in the following words: "provided, however, that no restriction as to the hours of labor shall apply to canneries or establishments engaged in preparing for use perishable goods."

It is conceded that the candy factory of the plaintiff in error is not a cannery, but it is claimed to be an establishment engaged in preparing for use perishable goods. In the broad sense of the word probably all things earthly are "perishable." Bouvier defines perishable goods as "goods which are lessened in value and become worse by being kept." The word "perishable" is defined in the Standard dictionary, as, "Liable to perish; subject to destruction or decay; mortal; especially liable to decay speedily; as perishable goods; fruit is perishable." And both the Standard and Century dictionaries mention as "perishable property" such "property as fish, fruit, etc., from its nature subject to speedy decay or deterioration."

In *Webster* v. *Peck*, 31 Conn., 495, the word "perishable" is defined as meaning "subject to natural and speedy decay."

In *Jolley* v. *Hardeman*, 111 Ga., 749, in its opinion at page 751, the court said:

"Articles of a perishable nature are those which, because of their inherent qualities, rapidly decompose or decay, and in so doing undergo material changes of form and quality

which render them unsuitable for use and of little or no value. Such things as fruit, fresh fish and the like may properly be termed articles of a 'perishable nature' within the meaning of the above cited section.''

It is urged that defendant's candy factory should be brought within the exception, because candy can be sold only when the demand exists; that it should be made fresh to meet that demand; that it is better made in cold weather than in warm weather; that the great demand is from Thanksgiving through the holidays; also, that the principal ingredients entering into its manufacture, consisting of sugar, syrups, condensed milk, nuts and other goods, should be put in the class of perishable goods; therefore, the same exception should be extended to a candy factory as is given to a cannery where fresh fruit, fresh fish and other products are preserved by canning.

In the opinion of the court the evidence does not warrant it to hold that the statute was intended to extend its exemption to a candy factory such as that operated by the plaintiff in error.

The purpose of the statute must be considered. It is humanitarian in its nature and is intended to protect the health of work at an occupation which, if allowed continuously for too long a time, would be highly deleterious. It is designed to protect a class of operatives who are to a certain extent at the mercy of their employers and who may not be in a position to assert themselves in insisting upon hours for labor that would be compatible with good health and full efficiency. Such exercise of legislative power is highly commendable and the law should be reasonably construed to effect rather than defeat its purpose. The arguments made as to the peculiar character of the business of this factory should be addressed to the Legislature rather than to the court.

The judgment is affirmed.

JONES (E. H.), J., and GORMAN, J., concur.